**SUSAN MARTIN (AZ#014226)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey Konen, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff<br>　　vs.<br><br>Robrad Tool & Engineering, Inc; Plan Administrator of the Robrad Tool & Engineering Inc. 401(k) Plan; Robrad Tool & Engineering, Inc. 401(k) Plan; Douglas Gottwald,<br><br>　　　　　　Defendants. | No. CV 08-02130-PHX-FJM<br><br>**CLASS ACTION COMPLAINT** |

This is an action under the Employee Retirement Income Security Act, as amended, ("ERISA") 29 U.S.C. § 1001 *et. seq.* to recover pension benefits and for injunctive and other equitable relief, for breach of fiduciary duty and for prohibited transactions and for violations of ERISA's claim procedure requirements.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e), (f), and 28 USC § 1331.

2. Venue is proper under 29 U.S.C. § 1132(e). The Plan is administered in Arizona, the breach took place in Arizona and Defendants reside and may be found in Arizona.

## PARTIES

3. Plaintiff Geoffrey Konen ("Plaintiff" or "Mr. Konen") was an employee employed by Robrad Tool & Engineering Inc. By virtue of his employment and his agreement to contribute to a 401(k) Plan sponsored by Robrad Tool & Engineering, Inc., Mr. Konen became a "participant" under the Plan within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7) and eligible for retirement benefits and matching employer contributions under the Robrad Tool & Engineering Inc 401(k) Plan.

4. Defendant Robrad Tool & Engineering, Inc. 401(k) Plan (the "Plan"), is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2), which was established and maintained for the purpose of providing retirement benefits for participants and their beneficiaries.

5. Defendant Robrad Tool & Engineering, Inc. ("Robrad," "Plan Administrator" or "Trustee") is an employer and the named "plan administrator" within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A) and "plan sponsor" and a "fiduciary" with respect to the Plan as defined in Sections 3(16)(B) and 3(21) of ERISA, 29 U.S.C. §§ 1002(16)(B) and 1002(21). Defendant Robrad is also a party in interest to the plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

6. At all relevant times, Defendant Douglas Gottwald, was and is the President and owner of Robrad Tool & Engineering, Inc. At all relevant times, Defendant Gottwald exercised discretionary authority and control with respect to the management and disposition of the 401(k) Plan assets and is a fiduciary with respect to the Plan as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Defendant Gottwald is also a party in interest to the plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

## CLASS ALLEGATIONS

7. In addition to Mr. Konen's individual claims, this action is commenced pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of a class consisting of:

> All Plan participants, their surviving spouses, their beneficiaries and estate representatives.

8. Upon information and belief, the class is so numerous that joinder of all persons is impracticable. According to the publicly available Form 5500 filed for the Plan year ending December 31, 2008, there were 60 Plan participants at the end of the year.

9. There are questions of law and fact common to the members of the class, including whether declaratory and injunctive and other equitable relief is appropriate and whether benefits are due as a result of violations of ERISA and the Plan including, *inter alia:* whether Defendants violated ERISA and/or the Plan in withholding money from the pay of Plan participants and failing to make contributions to participants' 401(k) accounts from money withheld from participants' pay and failing to make required matching employer contributions.

10. As described below, the claims of Mr. Konen are typical of the claims of the members of the class because the failure to submit monies withheld from employee paychecks to employees' 401(k) accounts and/or to contribute required matching employer funds injures all employees affected in similar fashion and Mr. Konen will fairly and adequately represent the interests of the class members.

11. The prosecution of separate proceedings by the individual members of the class would create a risk of inconsistent or varying adjudications which would be dispositive of the interests of other members not parties to the litigation or substantially impair or impede their ability to protect their interests.

12. As described below, Defendants have acted or refused to act on grounds generally applicable to the class, by withholding funds from participants' paychecks that were required to be deposited into participants' 401(k) accounts and by not contributing those funds to participants' 401(k) accounts and by failing to make required matching employer contributions, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the class as a whole.

1     13.     Questions of law and fact common to the members of the class predominate
2 over any questions affecting only individual members and a class proceeding is superior to
3 other available methods for the fair and efficient adjudication of this controversy.  All class
4 members are affected by Defendants' failures to deposit 401(k) funds into participants'
5 accounts and the failures to make matching contributions and to pay participants their
6 retirement benefits.  These common questions predominate over any questions affecting
7 individual class members and make a class proceeding a superior method for adjudicating
8 this controversy.

## **GENERAL ALLEGATIONS**

10     14.     From in or around October 2006 through January 2010, Mr. Konen worked for
11 Robrad, first as a machinist and later in estimating and sales.

12     15.     Beginning in or around 2008, Defendants advised Mr. Konen that they had
13 established a 401(k) plan and that Mr. Konen was eligible to participate in the Plan.

14     16.     Defendants also advised Mr. Konen that Robrad was making matching
15 contributions in the amount of 25% of the employee's contributions.

16     17.     Based upon Defendants' representations, in or around January 2008, Mr.
17 Konen elected to contribute 6% of his compensation to the Plan.

18     18.     Thereafter, Robrad began making deductions of 6% of Mr. Konen's salary for
19 401(k) contributions. These deductions were reflected on Mr. Konen's paychecks from 2008
20 through the termination of Mr. Konen's employment in 2010.

21     19.     From 2008 through 2010, a total of $5,356.45 was deducted from Mr. Konen's
22 paychecks for 401(k) contributions.

23     20.     From 2008 through 2010, Robrad was required to contribute matching
24 contributions for a total of $1,339.12 in matching 401(k) contributions.

25     21.     In or around February 2010, Mr. Konen learned for the first time that
26 Defendants had only forwarded $1,342.99 to his 401(k) investment account instead of the

1  total of $6,695.57 in employee and matching employer contributions that were deducted from
2  Mr. Konen's pay and that Robrad was required to match during Mr. Konen's employment.
3       22.    Upon information and belief, Defendants similarly deducted and continue to
4  deduct amounts from class members' paychecks and similarly advised and are advising class
5  members that Defendants were and are making contributions and failed and are failing to
6  timely forward monies belonging to employees to their 401(k) investment accounts and kept
7  and are keeping employees' 401(k) contributions for Defendants' own use.
8       23.    In or around December 2009, Defendants received a check as the result of a
9  settlement on behalf of Mr. Konen's 401(k) account, which was made payable to the Plan
10 and to Mr. Konen; however, despite Mr. Konen's direction that the check proceeds be
11 deposited into his 401(k) account, the check was never deposited into Mr. Konen's 401(k)
12 account.
13      24.    Upon information and belief, Robrad, the Plan Administrator and Douglas
14 Gottwald are similarly keeping checks and other funds that belong to the Plan for themselves.
15      25.    Beginning in or around February 2010, Mr. Konen made several demands for
16 his benefits from the Plan Administrator, including written demands.
17      26.    In violation of ERISA and regulations thereunder, the Plan Administrator has
18 never provided Mr. Konen with any written response to his demand for benefits, nor has the
19 Plan Administrator provided Mr. Konen with his benefits.
20      27.    As a result of the Plan Administrator's failure to forward employees' 401(k)
21 contributions and required matching contributions to employees' 401(k) accounts, Plaintiff
22 and class members have suffered and are continuing to suffer damages including, but not
23 limited to, loss in the principal amount of the funds withheld from their paychecks for
24 investment in their 401(k) retirement accounts and loss of funds that Robrad was required
25 to match, as well as interest, gains or other earnings on said funds.

## COUNT I

**FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF RIGHTS UNDER THE TERMS OF THE PLANS PURSUANT TO SECTION 502 (a)(1)(B) OF ERISA**

Plaintiff repeats and realleges each allegation set forth in the previous paragraphs as though fully set forth herein.

28. Section 502 (a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides that:

A civil action may be brought -

(1) by a participant or beneficiary - . . .

(B) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29. Plaintiff and class members were entitled to benefits under the Plan. As the result of Defendants' failure to make contributions, Plaintiff and class members were harmed and deprived of benefits, interest, gain and other earnings on their 401(k) accounts.

30. Plaintiff is entitled to an order requiring Defendants to pay Plaintiff and class members their benefits under the Plan and an order directing Defendants to substantiate the calculation of Plaintiff and class members' benefits under the Plans, an order requiring Defendants to pay Plaintiffs and class members their losses of benefits, including but not limited to, loss in the principal amount of the funds withheld from their paychecks for investment in their 401(k) plan and funds that the employer was required to match, as well as interest, gains or other earnings on the contributions that were made by class members and required to be made by Robrad, directing Defendants to pay interest and make Plaintiff and class members whole for the delay in paying benefits under the terms of the Plan and under ERISA together with all other appropriate relief including attorneys' fees.

## COUNT II

**FOR BREACH OF FIDUCIARY DUTY AND FOR APPROPRIATE EQUITABLE RELIEF PURSUANT TO SECTIONS 409, 502(a)(2) AND 502(a)(3) OF ERISA**

Plaintiff repeats and realleges each allegation set forth in the previous paragraphs as though fully set forth herein.

31. Section 404 of ERISA, 29 U.S.C. § 1104 provides:

> (a) a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
> (A) for the exclusive purpose of:
> (i) providing benefits to participants and their beneficiaries; and
> (ii) defraying reasonable expenses of administering the plan;
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
> (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
> (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

32. Section 409 of ERISA, 29 U.S.C. § 1109, provides in relevant part:

> a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

33 Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2) provides that a civil action may be brought:

> (2) by the Secretary, or a participant, beneficiary or fiduciary for appropriate relief under Section 409 of this title;

7

1  34. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3) provides that a civil action may be brought:

> (3) by a participant, beneficiary, fiduciary
> (A) to enjoin any act or practice which violates the provisions of this subchapter or the terms of the plan, or
> (B) to obtain other appropriate equitable relief
> (i) to redress such violations or
> (ii) to enforce any provisions of this subchapter or the terms of the plan;

35. By the foregoing acts and failure to act, Defendant fiduciaries breached their fiduciary duties under ERISA. As a result of Defendants' breaches of fiduciary duty, the Plan, Plaintiff and class members have been injured and are entitled to an order, *inter alia*, removing Defendant Robrad and Gottwald as fiduciaries, requiring Defendants Gottwald and Robrad to provide an accounting and to restore to the Plan all losses resulting from Defendants' breaches of fiduciary duty and an order requiring said Defendants to allocate to Plaintiff and all other Plan participants earnings and benefits that they would have received but for Defendants' breach, together with interest and attorneys' fees and to such other and further appropriate relief as the Court determines is proper to make the Plan and class members whole.

## COUNT III

**FOR DEFENDANTS' PROHIBITED TRANSACTIONS AND SELF-DEALING VIOLATIONS OF ERISA §§ 406(a) AND (b)**

Plaintiff repeats and realleges each allegation set forth in the previous paragraphs as though fully set forth herein.

36. ERISA Section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits a fiduciary from causing an employee benefit plan to engage in a transaction if the fiduciary knows, or should know, that such transaction constitutes a direct or indirect lending of money or other extension of credit between the plan and a party in interest.

37. ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits a fiduciary from causing an employee benefit plan to engage in a transaction if the fiduciary knows, or should know, that such transaction constitutes a direct or indirect transfer to,

or use by or for the benefit of, a party in interest of any assets of a plan.

38. ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits a fiduciary from dealing with the assets of an employee benefit plan for its own interest or own account.

39. ERISA Section 406(b)(2), 29 U.S.C. § 1106(b)(1), prohibits a fiduciary from dealing with the assets of an employee benefit plan in any transaction involving the plan on behalf of a party whose interests are adverse to the interests of the plan or the interests of its participants and beneficiaries.

40 By failing to make contributions and by making use of contributions of Plan participants and by retaining the use of participants' benefits under the Plan and by transferring monies intended for benefits of participants in the Plan to themselves, Defendants violated ERISA Section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1) and ERISA Section 406(b)(2).

41 As a result of Defendants' prohibited transactions, the Plan, Plaintiff and class members have been injured and are entitled to declaratory, injunctive and other equitable relief, including an order, *inter alia*, removing Defendants Robrad and Gottwald as fiduciaries, requiring Defendants Gottwald and Robrad to provide an accounting and to restore to the Plan all losses resulting from Defendants' breaches of fiduciary duty and an order requiring said Defendants to allocate to Plaintiff and all other Plan participants earnings and benefits that they would have received but for Defendants' violations of ERISA, together with interest, lost investment gains and attorneys' fees.

## COUNT IV

### VIOLATIONS OF ERISA'S CLAIM PROCEDURES REQUIREMENTS

Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

42. Section 503 of ERISA, 29 U.S.C. § 1133 provides in relevant part:

> In accordance with regulations of the Secretary, every employee benefit plan shall--
>
> **(1)** provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> **(2)** afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

43. By the acts and omissions set forth above, Defendants violated ERISA's claims procedure requirements and applicable regulations. As a result of Defendants' acts and omissions, Plaintiff has been damaged and his rights to benefits under the Plan, and to pursue his claim for benefits under the Plan, have been thwarted, prejudiced and delayed.

44. Pursuant to ERISA Section 502(a)(3), Plaintiff, is entitled to injunctive and other equitable relief to redress Defendants' claims procedure violations including, but not limited to, an order enjoining Defendants from failing to follow ERISA claims procedures together with attorneys' fees and costs pursuant to ERISA Section 502(g).

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. Declaring that Defendants Robrad and Gottwald breached their fiduciary duties under the Plan and that said Defendants are personally liable to make good to the Plan all losses resulting from their breaches of fiduciary duty and directing said Defendants to provide an accounting and to make good to the Plan all losses resulting from their breaches and to restore to the Plan any profits made through such breach and directing that the Plan and its participants be made whole for such losses along with other equitable relief, including an order removing Defendants from serving as fiduciaries under the Plans, appointing a receiver to administer the Plan and providing an accounting;

B. Declaring that Defendants Robrad and Gottwald engaged in prohibited transactions and that said Defendants are personally liable to make good to the Plan all losses resulting from their prohibited transactions and directing said Defendants to provide and accounting and to make good to the Plan all losses resulting from their prohibited

transactions to restore to the Plan any profits made through such breach and directing that the Plan and its participants be made whole for such losses along with other equitable relief, including an order removing Defendants from serving as fiduciaries under the Plan, appointing a receiver to administer the Plan and providing an accounting;

      C.    Declaring that Defendants violated ERISA and the terms of the Plans by failing to pay Plaintiff and class members benefits due under the Plan and ordering Defendants to pay to Plaintiff and class members all benefits due together with interest provided under the terms of the Plans, together with prejudgment interest;

      D.    To the extent necessary, direct that the account of Defendant Gottwald be applied to satisfy any liability in accordance with 29 U.S.C. § 1056(d);

      E.    Awarding Plaintiff and class members prejudgment interest;

      F.    Awarding Plaintiff and class members reasonable attorneys' fees and costs pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and/or the common fund theory; and

      G.    Awarding Plaintiff and class members such other and further relief as the Court deems proper and just.

Dated this 6th day of August, 2010.

**MARTIN & BONNETT, P.L.L.C.**

By:    s/Susan Martin
       Susan Martin
       Jennifer L. Kroll
       1850 North Central Avenue, Suite 2010
       Phoenix, AZ 85004
       (602) 240-6900

Attorneys for Plaintiff